IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. THE LAQUILA GROUP, INC. | ) ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Walter Franks (Franks) and a class of other similarly aggrieved black employees. . As alleged with greater particularity in paragraph(s) 10 and 11 below, the U.S. Equal Employment Opportunity Commission (Plaintiff or the Commission) alleges that Defendant, The Laquila Group Inc. (Defendant or Laquila) has engaged in race discrimination against Franks and other Black employees by subjecting them to racial harassment, and by creating and maintaining a hostile work environment because of their race, Black. Further, when Franks complained about the racial discrimination he was subjected to at Laquila, Defendant terminated him in retaliation for his complaints.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981 a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Laquila has continuously been doing business in the State of New York, the City of New York, and the Borough of Brooklyn, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Walter Franks filed a charge with the Commission alleging violations of Title VII by Defendant Laquila.

7. On December 23, 2015 the Commission issued to Defendant Laquila a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On May 10, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

10. Since at least September 2013, Defendant has engaged in unlawful employment practices at its Willoughby St. work site in Brooklyn, New York and other work sites throughout New York in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-(2)(a)(1). These unlawful practices include, but are not limited to the following:

(a) Defendant subjected Walter Franks and other Black employees to a hostile work environment through severe and pervasive harassment based on their race (Black);

(b) Angelo Sicchio, a White Labor Foreman and supervisor for Defendant, and Franks' supervisor at Defendant's Willoughby St. worksite in Brooklyn, routinely and regularly, multiple times daily over the course of several weeks, referred to Franks and other black employees using derogatory terms like "nigger," "gorilla," "monkey," "animal," and "Godzilla," because of their race;

(c) Sicchio also routinely referred to Franks as a "stupid" or "Green Mile", which was a reference to a large Black character in a fictional movie;

(d) Sicchio also regularly referred to a black employee with a dreadlock hairstyle as "mophead";

(e) Franks complained on multiple occasions between November 2013 and January 2014 to Defendant's Project Superintendent Jeff Glennon, who was Sicchio's supervisor, about

3

racially derogatory name calling and racial harassment by Sicchio. Despite these complaints to Glennon, Sicchio's harassment of Franks and other Black employees continued;

(f) Franks complained directly to Sicchio about being called a gorilla, monkey, and a dumb animal in November and December of 2013. The first time Sicchio responded to Franks' complaint by using a racial slur; the second time he told Franks to "Shut the fuck up";

(g) On or about January 30, 2014 Franks complained to his Union representative about Sicchio's racial harassment, including his repeated use of racial slurs. On or about that same date, Mr. Franks also again complained to Glennon about Siccho's use of racial slurs toward him and other Black employees;

(h) Even after Franks' January 2014 complaints described above about the racial harassment, Siccho continued to harass Franks and other Black employees, including Sichhio directing racial slurs against Franks up to and including around February 4, 2014, when Laquila terminated Franks, as set forth in paragraph 11 below.

11. Since at least February 2014, Defendant has engaged in unlawful employment practices at its Brooklyn, New York work sites in violation of Section 704(a) of Title VII, 42 U.S.C. 2000 (e)-(3)(a). These unlawful practices include, but are not limited to the following:

(a) As described in detail in paragraph 10(h) above, Franks complained to Glennon and to his Union delegate on or about January 30, 2014 about the ongoing racial harassment by Sicchio;

(b) Less than a week after these complaints about the harassment were lodged by Franks, on or about February 4, 2014 Sicchio told terminated Franks that he was being terminated because of an alleged work slow down;

(c) When Franks raised with Sicchio the issue of missing hours from Franks' final check, Sicchio made a negative reference to Franks' harassment complaint against Sicchio, and Sicchio also suggested that Franks' complaint would impair his chances of ever being called back for work by Laquila;

(d) Since terminating Franks after his complaints about the racial harassment, Laquila has not called back Franks for any subsequent work opportunities, despite Laquila otherwise routinely calling back laid off employees on subsequent projects.

(e) Laquila's termination of Franks in February 2014, and Laquila's failure to call back Franks after February 2014 for other assignments, were motivated by and in retaliation for the complaints Franks had made against the racial harassment by Sicchio while Franks worked for Laquila and also by the Charge of Discrimination Franks later filed with EEOC against Laquila on June 4, 2014.

12. The effect of the practices complained of in paragraphs 10 and 11 above have been to deprive Walter Franks and other black employees of Laquila of equal employment opportunities and otherwise adversely affect their status as employees, because of their race, and also to deprive Walter Franks of equal employment opportunities and adversely affect his status as an employee because of his expressed opposition to Laquila's discriminatory practices and his filing of a Charge of Discrimination.

13. The unlawful employment practices complained of in paragraphs 10 and 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 10 and 11 above were done with malice or with reckless indifference to the federally protected rights of Walter Franks and other black employees of Laquila.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant , its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in conduct that creates a hostile workplace environment for black employees on the basis of their race;

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in retaliation for protected activity.

C.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for black workers and which eradicate the effects of its past and present unlawful employment practices.

D.	Order Defendant to make whole Walter Franks, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Walter Franks.

E.	Order Defendant to make whole Walter Franks and other similarly aggrieved Black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 and 11 above, including but not limited to job search expenses, medical bills not covered by Laquila's employment benefits plan, and other out of pocket expenses in amounts to be determined at trial.

F.	Order Defendant to make whole Walter Franks and other Black employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful

practices complained of in paragraphs 10 and 11above, including but not limited to emotional distress, in amounts to be determined at trial.

G. Order Defendant. to pay Walter Franks and other Black employees punitive damages for its malicious and reckless conduct, as described in paragraphs 10 and 11 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. David Lopez
General Counsel

James L. Lee
Associate General Counsel

/s/
Jeffrey Burstein
Regional Attorney

/s/
Charles F. Coleman Jr.
Sr. Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St.
5th Floor
New York, NY 10004
212-336-3699
212-336-3623
Charles.Coleman@eeoc.gov